UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ACCURATE TREE AND LANDSCAPING SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>CDAG INTERNATIONAL,<br><br>Defendant. | Civil Action No. 18-1012 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Accurate Tree and Landscaping Services sued CDAG International for breach of contract. As Defendant has never appeared despite proper service, the Clerk entered a default against it. Accurate now moves for default judgment. Although it has taken Plaintiff some time to file sufficient pleadings, the Court will grant the Motion here.

**I.     Legal Standard**

The determination of whether a default judgment is appropriate is "committed to the sound discretion of the trial court." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) (citations omitted). A default judgment may enter where a defendant is "totally unresponsive," and its default is plainly willful, as reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. See Gutierrez v. Berg Contracting Inc., No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing Jackson, 636 F.2d at 836). Nevertheless, "[m]odern courts are . . . reluctant to enter and enforce judgments unwarranted by the facts," Jackson, 636 F.2d at 835, and "a district court may still deny an application for default judgment where the allegations of the complaint, even if true, are

1

legally insufficient to make out a claim." Gutierrez, 2000 WL 331721, at *2 (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)). Once a default is entered, however, the defendant "is deemed to admit every well-pleaded allegation in the complaint." Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); see Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); see also 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2688.1 (4th ed.) (defaulting "defendant has no further standing to contest the factual allegations of plaintiff's claim for relief"). If those facts are sufficient to establish liability, the court then "make[s] an independent determination of the sum to be awarded" based upon evidence in the record. See Adkins, 180 F. Supp. 2d at 17.

## II. Analysis

There is no doubt that Defendant has been "totally unresponsive" and willfully in default in this case. Indeed, it has had multiple opportunities to respond given the numerous missteps by Plaintiff. On May 1, 2018, Gary Null, the owner of Accurate, filed the first Complaint here and served CDAG on May 9, 2018. See ECF No. 1 (Compl.); ECF No. 3 (Return of Service). After Null amended the caption of the Complaint to make clear the name of the entity he was suing, see ECF No. 9 & Minute Order of Aug. 10, 2018, the Clerk entered default on August 16. See ECF No. 11. When Null moved for default judgment, however, the Court explained that he was not the proper Plaintiff since only Accurate was a party to the contract. See Minute Order of Sept. 25, 2018.

The Amended Complaint rectified that error. See ECF No. 15. On Accurate's next attempt at default judgment, the Court pointed out that no proof of service had ever been filed. See Minute Order of Dec. 11, 2018. Plaintiff then filed such proof, see ECF No. 19, but puzzlingly asked for relief under Fed. R. Civ. P. 60(b), which had no relevance here in the

absence of a judgment.  See Minute Order of Jan. 9, 2019.  A new affidavit of default was subsequently filed, see ECF No. 21, and entry of default once again granted by the Clerk.  See ECF No. 24.  The most current Motion for Default Judgment is now pending.  See ECF No. 25.

Despite this Court's admonitions, see Minute Order of Sept. 4, 2018, the current Motion again omits the contract and any affidavit.  The Court will nonetheless liberally incorporate those documents from a prior failed pleading, see ECF Nos. 13-1 (Affidavit of Gary Null), 13-2 (Subcontract Agreement), though it could once again deny this Motion for failure to include the necessary documents.

Null has averred that he entered into the attached contract with Accurate for $82,500 and then agreed on an additional $8,500 and that, despite performing the work, he was never paid. See Null Aff. at 1.  This is sufficient to prove the existence of a contract, its breach, and the amount owed.

### III. Conclusion

The Court will, accordingly, issue an Order granting the Motion and entering judgment for $91,000.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 27, 2019